PETER RUKIN (SBN 178336)
prukin@rhdtlaw.com
JESSICA RIGGIN (SBN 281712)
jriggin@rhdtlaw.com
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile:  (415) 421-1700

Attorneys for Representative Plaintiffs and Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MERCEDES ALVAREZ, MATT OHLSON, CEDRIC MARTIN, ALFONZO EDWARDS, BRANDI LOPEZ, BRIAN LEIGH, JEFFREY HOLLOWAY, and KRYSTA RAMOS on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>FARMERS INSURANCE EXCHANGE, FARMERS INSURANCE GROUP, and DOES 1 – 10, inclusive,<br><br>        Defendants. | Case No. 3:14-cv-574-WHO<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>**<u>FLSA COLLECTIVE ACTION</u>**<br>**<u>RULE 23 CLASS ACTION</u>**<br><br>**(1) FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 207; 211(c), 215(a), 216(b), 255(a)); 29 C.F.R. § 516 *et seq.*);**<br>**(2) CALIFORNIA MINIMUM WAGE & OVERTIME (Cal. Lab. Code §§ 510, 558, 1194, 1194.2, 1197, 2699; IWC Wage Order(s));**<br>**(3) MEAL AND REST PERIODS (Cal. Lab. Code §226.7);**<br>**(4) WAITING TIME PENALTIES (Cal. Lab. Code §§ 201, 202, 203);**<br>**(5) UCL RESTITUTION (CA Bus. & Prof. Code §§ 17200 *et seq.*);**<br>**(6) ITEMIZED WAGE STATEMENT PENALTIES (Cal. Lab. Code §§ 226(a), 226(e), 226.3, 2699);**<br>**(7) PERSONNEL RECORDS (Cal. Lab. Code §1198.5);**<br>**(8) PRIVATE ATTORNEY GENERAL ACT (PAGA) PUBLIC ENFORCEMENT CLAIM (Cal. Lab Code § 2699 *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

1        1.      On information and belief, Plaintiffs Mercedes Alvarez, Matt Ohlson, Cedric

2 Martin, Alfonzo Edwards, Brandi Lopez, Brian Leigh, Jeffrey Holloway, and Krysta Ramos

3 ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

4                               **I.**     **JURISDICTION**

5         2.      The Court has original jurisdiction over Plaintiffs' First Claim for Relief pursuant to

6 28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

7         3.      This Court has supplemental jurisdiction over Plaintiffs' Second through Seventh

8 Claims for Relief pursuant to 28 U.S.C. § 1367(a).

9                   **II.**     **VENUE AND INTRADISTRICT ASSIGNMENT**

10         4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial

11 part of the events or omissions giving rise to Plaintiffs' claims occurred in Alameda County,

12 Contra Costa County, and San Mateo County, and within the Division and Courthouse in which

13 this action has been commenced.

14                   **III.**     **INTRODUCTION**

15         5.      Plaintiffs bring claims for payment of overtime, liquidated damages, interest, and

16 attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") on

17 behalf of similarly situated individuals who have worked for Defendants as Personal Lines Claims

18 Adjusters ("PLCAs") (collectively, "FLSA Collective Action Members").  These claims are

19 brought on behalf of Plaintiffs and all FLSA Collective Action Members during the period

20 commencing three years prior to the filing of their respective consents to be included in this

21 collective action (the "Collective Action Period").

22         6.      Plaintiffs also bring claims under California law for unpaid overtime compensation

23 and minimum wages, restitution, statutory penalties, civil penalties, liquidated damages, meal and

24 rest break premium payments, interest, and attorneys' fees and costs.  Plaintiffs assert these

25 California claims pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all

26 other persons who worked for Defendants as PLCAs in California (collectively, "California Class

27 Members") at any time during the period commencing four years prior to the filing of this action

28 (the "Class Period").

SECOND AMENDED COMPLAINT                        CASE NO.: 3:14-cv-00574-WHO

7.      The California Class Members and FLSA Collective Action Members shall hereinafter be collectively referred to as "Class and Collective Action Members."

## IV.   <u>PARTIES</u>

**A.   Plaintiffs**

8.      Plaintiff Mercedes Alvarez is a citizen of California residing in San Francisco, California.  Ms. Alvarez was employed by and worked for Defendants in their Martinez/Concord and Daly City offices as a PLCA (attorney claims) from approximately 2009 until January 2012.

9.      Plaintiff Matt Ohlson is a citizen of California residing in Playa Vista, California. Mr. Ohlson was employed by and worked for Defendants in their Martinez and Orange County offices as a PLCA (bodily injury, personal injury) from approximately December 2010 through November 2012.

10.     Plaintiff Cedric Martin is a citizen of California residing in San Jose, California. Mr. Martin was employed by and worked for Defendants in their Daly City and Union City offices as a PLCA (auto injury) from approximately January 2010 until September 8, 2011.

11.     Plaintiff Alfonzo Edwards is a citizen of California residing in Antioch, California. Mr. Edwards was employed by and worked for Defendants in their Daly City and Martinez offices as a PLCA (auto) from approximately October 2010 until February 2014.

12.     Plaintiff Brandi Lopez is a citizen of California residing in Rodeo, California.  Ms. Lopez has been employed by and worked for Defendants in their Martinez/Concord office as a PLCA (attorney claims, property damage, bodily injury, auto liability) since approximately 2008.

13.     Plaintiff Brian Leigh is a citizen of California residing in Pacifica, California.  Mr. Leigh was employed by and worked for Defendants in their Daly City and Martinez offices as a PLCA (auto) from approximately 2009 until 2011.

14.     Plaintiff Jeffrey Holloway is a citizen of California residing in Stockton, California. Mr. Holloway was employed by and worked for Defendants in their Daly City, Martinez, and Manteca offices as a PLCA (auto, personal injury, attorney claims, comprehensive) from approximately 2009 until December 2010.

15.     Plaintiff Krysta Ramos (formerly Krysta Dixon) is a citizen of California residing in Stockton, California. Ms. Ramos was employed by and worked for Defendants in their Martinez/Concord offices as a PLCA (personal injury) from approximately November 2009 until April 2011.

**B.      Defendants**

16.     Defendant Farmers Insurance Group is a corporation with its principal place of business in Los Angeles, California. Defendant Farmers Insurance Exchange is a reciprocal insurance exchange with its principal place of business in the State of California. At all times relevant to this action, Defendants have been employers covered by the FLSA, the California Labor Code, and the California Industrial Welfare Commission Wage Order ("IWC Wage Order") applicable to Defendants' industry and its PLCAs' occupation, which is presumed to be IWC Wage Order No. 4.

## V.      STATEMENT OF FACTS

17.     Defendants offer homeowners insurance, auto insurance, commercial insurance, and financial services throughout the United States.

18.     Regardless of the type of insurance claims they process—for example, personal injury, bodily injury, homeowners, uninsured motorists, property damage, attorney claims, auto, and comprehensive claims—all Class and Collective Action Members have had the same core job duty of—and have spent the vast majority of their work time performing the duty of—resolving insurance claims filed with Defendants.

19.     Defendants have paid all Class and Collective Action Members under a common compensation plan and policy. At all times during the period covered by this action, Plaintiffs and all Class and Collective Action Members have been paid an hourly rate.

20.     Defendants use payroll timekeeping technology to automatically record one-hour meal breaks that Defendants contend its PLCAs take each work day, without the necessity of any input from the PLCAs.

21.    The timekeeping technology used by Defendants effects daily, automatic, one-hour deductions from PLCAs' work schedules, which are made even when PLCAs do not actually take a meal period relieved of duty.

22.    This automatic recording of breaks in PLCAs' work shifts has resulted in unpaid work time when PLCAs did not, in fact, take any meal period fully relieved of duty or did not take as long of a break as was automatically recorded by Defendants' timekeeping system.

23.    Defendants denied Plaintiffs and other PLCAs meal and rest breaks through the imposition of a work schedule that did not permit meal and rest breaks and/or the imposition of work demands which did not permit meal or rest breaks.  Plaintiffs were uniformly unable to complete their job requirements without working through meal and rest breaks and/or working before and after their scheduled shifts.  Even when Plaintiffs and other PLCAs requested overtime in order to complete their job duties, it was often denied without any corresponding accommodation that would enable PLCAs to complete their job duties within their regular shifts.

24.    Additionally, Plaintiffs and other PLCAs' breaks were frequently interrupted by Defendants' practice of requiring PLCAs to be on call at all times.

25.    Plaintiffs and other PLCAs were pressured to meet their job requirements through Defendants' policy of disciplining and/or terminating PLCAs who did not meet the job requirements imposed by Defendants.  Indeed, Plaintiff Alvarez, among other PLCAs, was terminated for failing to "make her numbers."  Additionally, at each of its offices, Defendants publicly displayed the performance statistics of each PLCA in the office and ranked PLCAs from green to red depending on performance, which created additional pressure for PLCAs to meet Defendants' job requirements.

26.    As a direct result of Defendants' work demands, policies, procedures, and directives, Plaintiffs and other PLCAs did not have the ability to regularly take any uninterrupted daily meal break, much less a daily one-hour meal period.

27.    Nonetheless, Defendants automatically recorded a one-hour daily meal break in Plaintiffs' and PLCAs' time records whether or not Plaintiffs and PLCAs took a one hour meal

- 5 -

break, including when they took less than a one-hour meal break and when they took no meal break at all.

28.     Defendants also prevented Plaintiffs and other PLCAs from reporting missed meal and rest breaks because Defendants did not inform Plaintiffs and other PLCAs that they were able to report missed meal breaks and further because Defendants maintained a policy of disciplining PLCAs for reporting missed meal breaks.

29.     All Plaintiffs estimate that they missed at least one meal break each week but typically missed between two and five meal breaks each week.

30.     Defendants also regularly refused to pay PLCAs pre- and post-shift overtime wages, even when such overtime was necessary to complete their assigned job tasks.

31.     All Plaintiffs allege that, in addition to time spent working through missed meal periods, they worked at least an hour and a half in excess of 40 hours per week for which they were not compensated.

32.     Defendants knew or should have known that PLCAs worked through their meal and rest breaks and before and after their scheduled shifts without compensation.  For example, many of Plaintiffs' managers often sat in the same areas as Plaintiffs and other PLCAs, such that they could see when Plaintiffs and other PLCAs worked through their lunch periods.

33.     During the time period covered by this action, Class and Collective Action Members have regularly worked more than forty (40) hours in a workweek and/or more than eight (8) hours in a workday.  Plaintiffs worked overtime, observed other Class and Collective Action Members working overtime, and also learned of other Class and Collective Action Members working overtime through their conversations with other Class and Collective Action Members.

34.     As described above, Defendants have had actual or constructive knowledge that Class and Collective Action Members have been working overtime.  Further, Defendants have induced PLCAs' managers to limit payment for overtime hours by tying managers' compensation to the amount of overtime they approve.

35.     Defendants have not kept accurate records of Class and Collective Action Members' work hours.  The itemized statements that Defendants have furnished to Class and Collective

Action Members at the time they are paid their wages do not accurately reflect their total hours worked, their missed meal breaks, or their overtime hours.

## VI.     COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiffs bring the First Cause of Action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of the FLSA Collective Action Members, who include all persons who have worked for Defendants as PLCAs in the United States at any time within the applicable statutory time period and have been compensated using an hourly rate of pay.

37.     Plaintiffs and FLSA Collective Action Members performed the same or substantially similar duties for Defendants; were subject to Defendants' common policy and practice of failing to pay overtime wages for all hours worked over forty in one workweek; have otherwise been subject to common compensation plans, policies, and practices; and are otherwise "similarly situated" employees within the meaning of the FLSA.

38.     The First Cause of Action for violations of the FLSA may be brought and maintained as an "opt-in" action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because Plaintiffs' claims and all FLSA Collective Action Members are similarly situated.

39.     The names and addresses of the FLSA Collective Action Members are available from Defendants.  Accordingly, Plaintiffs pray herein for an order requiring Defendants to provide the names and all available contact information for all FLSA Collective Action Members so that notice can be provided to them of the pendency of this action, and their right to opt in to this action. Plaintiffs further pray that the applicable statute of limitations be tolled based on, among other reasons, Defendants' repeated violations regarding its PLCAs' entitlement to overtime pay.

## VII.     RULE 23 CLASS ACTION ALLEGATIONS

40.     Plaintiffs bring all claims alleged herein under California law as class action claims on behalf of, and seek to have certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the class composed of:

> All persons who are or have been employed by Farmers Insurance Exchange or Farmers Insurance Group as Personal Lines Claims Adjusters in the state of California during any portion of the period commencing four years from the filing of this action through the entry of final judgment in this action.

41.     The class claims herein have been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (1) the class is so numerous that joinder of all class members is impracticable; (2) there are questions of law and or fact common to the class; (3) the claims of the proposed class representatives are typical of the claims of the class; and (4) the proposed class representatives and their counsel will fairly and adequately protect the interests of the class.  In addition, the questions of law or fact that are common to the class predominate over any questions affecting only individual class members and a class action is superior to other available means for fairly and efficiently adjudicating the controversy.

a.     <u>Ascertainability and Numerosity</u>: The potential California Class Members as defined herein are so numerous that joinder would be impracticable.  Defendants have employed more than 500 PLCAs in California during the Class Period, and it can further be presumed that California Class Members' residences are dispersed throughout California, and that some California Class Members no longer reside in the state.  The names and addresses of the California Class Members are available to Defendants.  Notice can be provided to the California Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

b.     <u>Commonality and Predominance of Common Questions</u>: There are questions of law and fact common to Plaintiffs and the California Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to, the following:

i.     Whether Defendants maintained a policy or practice of making automatic deductions from the time records of California Class Members;

ii.     Whether Defendants maintained a policy or practice of automatically deducting time from each California Class Member's pay each work day regardless of whether the Class Member was fully relieved of duty for such time period during his or her work shift;

iii.     Whether Defendants have failed to pay California Class Members overtime wages for time worked in excess of forty (40) hours per week and/or eight (8) hours per

day;

      iv.    Whether Defendants have violated sections 510 of the California Labor Code and IWC Wage Order No. 4, § 3, by failing to pay California Class Members overtime compensation;

      v.    Whether Defendants violated IWC Wage Order 4 and California Labor Code § 1194 by failing to pay at least minimum wage for all hours worked;

      vi.    Whether Defendants violated California Labor Code §§ 226.7 and 512 by failing to consistently provide meal and rest periods;

      vii.    Whether Defendants' failure to pay overtime compensation to California Class Members constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code §§ 17200 *et seq.*;

      viii.    Whether Defendants have violated California Labor Code §§ 201-203 by failing, upon termination, to timely pay California Class Members all wages owed, and whether such failure was willful;

      ix.    Whether Defendants' failure to pay all compensation owed to California Class Members at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code § 17200 *et seq.*;

      x.    Whether Defendants knowingly and intentionally violated California Labor Code § 226(a) by failing to furnish California Class Members with accurate written itemized statements at the time of the payment of their wages showing their total hours worked; and,

      xi.    The proper measure of damages, restitution, interest, and penalties owed to Plaintiffs and the California Class Members.

    c.    <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the other California Class Members.  Defendants' common course of unlawful conduct has caused Plaintiffs and California Class Members to sustain the same or similar injuries and damages caused by the same common policies, practices, and decisions of Defendants.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the other California Class Members.

    d.    <u>Adequacy of Representation</u>: Plaintiffs are members of the Rule 23 Class

- 9 -

1  defined herein, do not have any conflicts of interest with other California Class Members, and will

2  prosecute the case vigorously on behalf of the class. Plaintiffs will fairly and adequately represent

3  and protect the interests of the California Class Members. Plaintiffs have retained attorneys who

4  are competent and experienced in litigating large employment class actions, including large wage

5  and hour class actions.

6       42.   <u>Superiority</u>: The expense and burden of individual litigation by each member make

7  it impractical for California Class Members to seek redress individually for the wrongful conduct

8  alleged herein. Should separate actions be brought, or be required to be brought, by each

9  individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and

10  expense for the Court and the litigants. The prosecution of separate actions would also create a risk

11  of inconsistent rulings which might be dispositive of the interests of other Class Members who are

12  parties to the adjudication and/or may substantially impede their ability to adequately protect their

13  interests.

14  **DAMAGES**

15       43.   As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiffs and

16  similarly situated Class and Collective Action Members are owed overtime compensation, interest,

17  liquidated damages, restitution, and available statutory penalties, the precise amounts of which will

18  be proven at trial.

19  **FIRST CAUSE OF ACTION**
**FLSA CLAIMS, 29 U.S.C. § 201, *ET SEQ*.**

20  **(ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE ACTION MEMBERS)**

21       44.   The allegations of each of the preceding paragraphs are re-alleged and incorporated

22  herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all

23  FLSA Collective Action Members.

24       45.   At all relevant times, Defendants have been, and continue to be, "employer[s]"

25  engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the

26  meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and

27  continue to employ, as "employee[s]," Plaintiffs and each of the FLSA Collective Action

28

- 10 -

1    Members.  At all relevant times, Defendants have had gross operating revenues in excess of

2    $500,000.

3         46.    Plaintiffs consent to sue in this action pursuant to Section 16(b) of the FLSA, 29

4    U.S.C. § 216(b).  Copies of Plaintiffs' consent forms were previously filed as Electronic Docket

5    Nos. 1, 8, 12, 14, and 22.

6         47.    The FLSA requires each covered employer, such as Defendants, to compensate all

7    non-exempt employees, such as Plaintiffs and the FLSA Collective Action Members, at the rate of

8    not less than one and one-half times the regular rate of pay for work performed in excess of forty

9    (40) hours in a workweek.

10        48.    The FLSA Collective Action Members are entitled to overtime compensation for all

11   overtime hours worked.

12        49.    At all relevant times, Defendants had a policy and practice of not paying FLSA

13   Collective Action Members at the rate of not less than one and one-half times the regular rate of

14   pay for work performed in excess of forty (40) hours in a workweek.

15        50.    This legal violation was effectuated through a policy or practice of impermissible

16   and unauthorized deductions from Collective Action Members' time records, as described above,

17   as well as a policy or practice of refusing to pay Collective Action Members for overtime hours

18   worked.

19        51.    By failing to compensate Plaintiffs and the FLSA Collective Action Members at a

20   rate of not less than one and one-half times the regular rate of pay for work performed in excess of

21   forty (40) hours in a workweek, Defendants violated, and continue to violate, the FLSA, 29 U.S.C.

22   §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1).

23        52.    The FLSA also imposes a record-keeping requirement on employers, including the

24   obligation to keep accurate records of all hours worked by employees.  Defendants have knowingly

25   and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records

26   of all hours worked by Plaintiffs and FLSA Collective Action Members.  By failing to record,

27   report, and/or preserve records of all hours worked by Plaintiffs and the FLSA Collective Action

28

SECOND AMENDED COMPLAINT                                        CASE NO.: 3:14-cv-00574-WHO

1   Members, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*.,

2   including 29 U.S.C. §§ 211(c), 215(a), and 29 C.F.R. § 516, *et seq*.

3       53.     Defendants' violations have at all relevant times been willful because, among other

4   reasons, Defendants have had actual and/or constructive knowledge of Plaintiffs and FLSA

5   Collective Action Members working overtime hours for which they have not been compensated at

6   the rate of no less than one and one-half times their regular rate of pay.

7       54.     As a direct and proximate result of Defendants' unlawful acts, Plaintiffs and FLSA

8   Collective Action Members have been deprived of overtime compensation in an amount to be

9   determined at trial, and are entitled to recover damages in the amount of unpaid overtime

10  compensation, interest, liquidated damages, and attorneys' fees and costs, as provided by the

11  FLSA, 29 U.S.C. §§ 216(b) and 255, and such other legal and equitable relief as the Court deems

12  just and proper.

### SECOND CAUSE OF ACTION
**FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**
**(CAL. LAB. CODE §§ 510, 1194, 1198; IWC WAGE ORDER NO. 4.)**
**(ON BEHALF OF PLAINTIFFS AND CALIFORNIA CLASS MEMBERS)**

16      55.     The allegations of each of the preceding paragraphs are re-alleged and incorporated

17  herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all

18  California Class Members.

19      56.     During the California Class Period, Plaintiffs and the California Class Members

20  worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek.

21  The precise number of overtime hours will be proven at trial.  Despite the hours worked by

22  Plaintiffs and the California Class Members, Defendants willfully, in bad faith, and in knowing

23  violation of the California Labor Code, failed and refused to compensate Plaintiffs and California

24  Class Members for all of the overtime wages earned.

25      57.     At all relevant times, Defendants were aware of, and were under a duty to comply

26  with, the overtime provisions of the California Labor Code including, but not limited to, California

27  Labor Code §§ 510, 1194, and 1198.

28      58.     California Labor Code § 510, in pertinent part, provides:

SECOND AMENDED COMPLAINT                                    CASE NO.: 3:14-cv-00574-WHO

"Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

59.   California Labor Code § 1194, in pertinent part, provides:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

60.   California Labor Code § 1198, in pertinent part, provides:

"[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

61.   IWC Wage Order No. 4 applies (or applied) to Plaintiffs and all other California Class Members.  At all times relevant herein, IWC Wage Order No. 4 has provided in pertinent part:

"(a) an employee who works more than forty hours in a week must receive overtime compensation at the rate of one and one-half times his or her regular hourly rate for each overtime hour worked; and (b) an employee who works more than eight hours in a day must receive overtime compensation at the rate of one and one-half times his or her regular hourly rate for hours worked in excess of eight hours per day and at a rate of two times his or her hourly rate for hours worked in excess of twelve hours per day."

62.   During the California Class Period, in violation of the applicable IWC Wage Order and provisions of the California Labor Code, Defendants refused to compensate Plaintiffs and California Class Members for all of the overtime wages earned.

63.   By refusing to compensate Plaintiffs and California Class Members for overtime wages earned, Defendants violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order.

64.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and California Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, and are entitled to recover their unpaid overtime and double time compensation, including interest

- 13 -

thereon, pursuant to California Labor Code § 1194(a).  Plaintiffs and California Class Members are also entitled to recover reasonable attorneys' fees and costs, pursuant to California Labor Code § 1194(a).

### THIRD CAUSE OF ACTION
**FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED**
**(In Violation of IWC Wage Order 4-2001 and CAL. LAB. CODE §§ 1194, 1197)**
**(ON BEHALF OF PLAINTIFFS AND CALIFORNIA CLASS MEMBERS)**

65.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all California Class Members.

66.     IWC Wage Order 4-2001 and California Labor Code §§ 1194 and 1197 require employers to pay employees at least minimum wage for all hours worked.

67.     California Labor Code § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

68.     The minimum wage provisions of the California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a).

69.     As described, in California Labor Code §§ 1185 and 1194.2, any such action incorporates the applicable IWC Order.  Sections 1182.11 and 1182.12 discuss the minimum wage.

California Labor Code § 1194.2 also provides for the following remedies:

"In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

70.     Under California law, an employer is required to pay an employee the minimum wage for every hour worked.  California minimum wage law forbids averaging wages over the course of the pay period to determine minimum wage compliance. Instead, an employer must pay the minimum wage for each hour worked, and the fact that an employee's total compensation for a pay period exceeds the minimum wage does not satisfy the employer's statutory burden.

71.     At all times relevant herein, Defendants had a policy and practice of failing to pay Plaintiffs and California Class Members for all hours they worked that qualified as compensable

- 14 -

under California law, including work completed before and after Plaintiffs' and California Class Members' scheduled shifts and during their meal and rest breaks.

72. By refusing and failing to pay Plaintiffs and California Class Members for all compensable time they worked, Defendants not only failed to pay them the agreed-upon rate but also failed to pay them at least the minimum wage for all hours worked.

73. Defendants' acts and omissions as alleged herein were willful, in bad faith, and without reasonable grounds for believing that the acts or omissions were not a violation of state law.

74. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiffs and California Class Members have sustained damages, including lost wages, in an amount to be determined at trial.

75. Consequently, in addition to recovering the unpaid wages, Plaintiffs and California Class Members are entitled to recover interest and liquidated damages thereon, reasonable attorneys' fees and costs, pursuant to California Labor Code §§ 1194(a) and 1194.2(a).

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**(In Violation of IWC Wage Order 4-2001, CAL. LAB. CODE §§ 226.7, 512)**
**(ON BEHALF OF PLAINTIFFS AND CALIFORNIA CLASS MEMBERS)**

76. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all California Class Members.

77. At all relevant times, Defendants were aware of, and under a duty to comply with, California Labor Code §§ 226.7 and 512.

78. California Labor Code § 226.7 provides:

"(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

79.   Moreover, California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

80.   Sections 11 and 12 of IWC Wage Order 4 mandate that the employer provide all applicable meal periods to non-exempt employees.

81.   Section 11 of the applicable IWC Wage Oder provides in pertinent part:

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes … Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

82.   Plaintiffs and California Class Members consistently worked eight hours or more per day but were not provided an uninterrupted, thirty-minute meal period within the first five hours of work each day.

83.   By failing to consistently provide Plaintiffs and California Class Members an uninterrupted, thirty-minute meal period within the first five hours of work each day, Defendants violated the California Labor Code and applicable IWC Wage Order provisions.

84.   Plaintiffs are informed and believe, and on that basis allege, that Defendants have never paid the one hour of compensation as a premium payment to any California Class Members due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

85.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and California Class Members have sustained damages, including loss of compensation resulting from missed meal periods, in an amount to be established at trial.

- 16 -

### FIFTH CAUSE OF ACTION
**FAILURE TO AUTHORIZE AND PERMIT REST BREAKS**
**(In Violation of IWC Wage Order 4-2001, CAL. LAB. CODE § 226.7)**
**(ON BEHALF OF PLAINTIFFS AND CALIFORNIA CLASS MEMBERS)**

86.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all California Class Members.

87.     At all relevant times, Defendants were aware of, and under a duty to comply with, California Labor Code § 226.7 and Section 12 of Wage Order 4-2001.

88.     At all times herein relevant, California Labor Code § 226.7 has applied and continues to apply to Plaintiffs' and California Class Members' employment with Defendants. California Labor Code § 226.7 states "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

89.     Section 12 of Wage Order No. 4-2001 provides in relevant part that:
(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

90.     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

91.     Defendants did not authorize or permit Plaintiffs and other California Class Members to take rest breaks as required by California law because the work demands they imposed did not allow sufficient time for PLCAs to both fulfill their job obligations and take rest breaks. Plaintiffs and California Class Members regularly worked a full work day but were denied a rest period every four hours or major fraction thereof.

92.     Defendants failed to authorize and permit Plaintiffs and California Class Members to take adequate rest periods as required by law.  Plaintiffs and California Class Members are therefore entitled to payment of additional wages as provided by law.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE AT TERMINATION
#### (CAL. LAB. CODE §§ 201, 202, 203)
### (ON BEHALF OF PLAINTIFFS AND CALIFORNIA CLASS MEMBERS)

93.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all former employee California Class Members.

94.     California Labor Code § 201 provides that an employer is required to provide an employee who is terminated all accrued wages and compensation at the time of termination. California Labor Code § 202 provides that an employer is required to provide an employee who resigns all unpaid wages within 72 hours of their resignation, or upon resignation if the employee has provided at least 72 hours' notice.  Under California Labor Code § 203, if an employer willfully fails to pay such wages, for every day that final wages or any part of the final wages remain unpaid, the employer is liable for a penalty equivalent to the employee's daily wage, for a maximum of 30 days.

95.     Plaintiffs and numerous members of the California Class were employed by Defendants during the California Class Period and were thereafter terminated or resigned from their positions, yet they were not paid all wages due upon termination or within 72 hours of resignation.  Defendants willfully failed and refused to pay these persons either at the time of termination or within 72 hours of their resignation as required under California law.

96.     As a direct and proximate result of Defendants' willful conduct in failing to pay Plaintiffs and former employee California Class Members for all hours worked, Plaintiffs and affected members of the California Class are entitled to recover "waiting time" penalties of up to thirty (30) days' wages pursuant to California Labor Code § 203, in an amount to be established at trial, together, with interest thereon, and attorneys' fees and costs.

//

//

//

//

//

SECOND AMENDED COMPLAINT                                    CASE NO.: 3:14-cv-00574-WHO

1

2

3

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
**(CAL. BUSINESS & PROFESSIONS CODE §§ 17200 *ET SEQ.*)**
**(ON BEHALF OF PLAINTIFFS AND CALIFORNIA CLASS MEMBERS)**

4      97.     The allegations of each of the preceding paragraphs are re-alleged and incorporated

5      herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all

6      California Class Members.

7      98.     California Business & Professions Code § 17200, *et seq.* ("UCL") prohibits "unfair

8      competition" in the form of any unlawful, unfair, or fraudulent business act or practice.

9      99.     Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the

10     filing of this action, Defendants have engaged in unfair competition as defined by the UCL by, and

11     as further described above: (1) failing to pay overtime compensation to Plaintiffs and similarly

12     situated California Class Members in violation of California Labor Code §§ 510, 1198 and IWC

13     Wage Order No. 4, § 3; (2) failing to pay minimum wages to Plaintiffs and similarly situated

14     California Class Members in violation of California Labor Code §§ 1194, 1197, and 1197.1; (3)

15     requiring Plaintiffs and California Class Members to work through their meal and rest periods

16     without paying them proper compensation in violation of California Labor Code §§ 226.7 and

17     512(a); (4) failing to pay Plaintiffs and similarly situated former employee California Class

18     Members all due and unpaid overtime wages upon termination in violation of California Labor

19     Code § 203; and (5) failing to pay overtime compensation to Plaintiffs and similarly-situated

20     California Class Members in violation of the FLSA, 29 U.S.C. § 207(a)(1); and (6) failing to

21     provide complete and accurate itemized wage statements in violation of California Labor Code §

22     226.

23     100.    Defendants' knowing failure to adopt policies in accordance with and/or to adhere

24     to these laws all of which are binding upon and burdensome to its competitors, engenders an unfair

25     competitive advantage to Defendants, thereby constituting an unfair business practice under

26     California Business & Professions Code §§ 17200-17208.

27     101.    Plaintiffs and similarly-situated California Class Members have suffered injury in

28     fact and have lost money as a direct and proximate result of Defendants' unfair competition,

- 19 -

1   including, but not limited to, money due to them as overtime compensation, which money has been

2   acquired by Defendants by means of its unfair competition within the meaning of the UCL.

3        102.     Pursuant to California Business & Professions Code §§ 17200 *et seq*., Plaintiffs and

4   California Class Members are entitled to (i) restitution of all wages and compensation alleged

5   herein that Defendants withheld and retained during the period commencing four years prior to the

6   filing of this action, (ii) a permanent injunction requiring prohibiting further violations of the type

7   alleged herein for the period commencing four years, (iii) an award of reasonable attorneys' fees

8   pursuant to Cal. Civ. Proc. Code § 1021.5 and other applicable law, and (iv) costs.  All remedies

9   are cumulative pursuant to California Business & Professions Code § 17205.

10

11   **EIGHTH CAUSE OF ACTION**
    **CALIFORNIA WAGE STATEMENT VIOLATIONS**
    **(CAL. LAB. CODE § §226, 226.3, 21174)**
12   **(ON BEHALF OF PLAINTIFFS AND CALIFORNIA CLASS MEMBERS)**

13        103.     The allegations of each of the preceding paragraphs are re-alleged and incorporated

14   herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all

15   California Class Members.

16        104.     Pursuant to California Labor Code § 226(a), Defendants have at all relevant times

17   been required, semimonthly or at the time of each payment of wages, to furnish Plaintiffs and

18   California Class Members accurate itemized written statements containing all the information

19   described in that statute, including, but not limited to, the total hours worked by the employee.

20        105.     Defendants had knowingly and intentionally failed to comply with California Labor

21   Code § 226(a) by, among other things, knowingly and intentionally failing to furnish Plaintiffs and

22   California Class Members with accurate itemized written statements showing their total hours

23   worked.

24        106.     Defendants also failed to accurately record meal periods as detailed above, to pay

25   meal period premium wages for missed meal periods, and to report those meal period premium

26   payments on PLCAs' wage statements.

27        107.     Under Labor Code § 226(e), an employee suffering injury as a result of a knowing

28   and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of

1   all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and

2   one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount

3   of $4,000.

4          108.    As a direct and proximate result of Defendants' conduct, Plaintiffs and California

5   Class Members have been injured by, among other things, not receiving the information required

6   by California Labor Code § 226(a), not being paid for their overtime hours, not having records

7   showing their total hours worked, not being able to ascertain from their wage statements whether or

8   how they have been lawfully compensated for all hours worked, having to expend time and other

9   resources in order to estimate or reconstruct their hours worked, being required to file or participate

10  in this action in order to recover their wages and determine the amount of hours worked and wages

11  due, and being induced not to record all their time worked, with the substantial risk that even

12  through this action they will not be able to recover all the compensation they should have been paid

13  for all time worked.

14         109.    As a direct and proximate result of Defendants' unlawful conduct as set forth herein,

15  Plaintiffs and California Class Members may recover the damages and penalties provided for under

16  California Labor Code § 226(e), plus interest thereon, reasonable attorneys' fees, and costs. In

17  addition, Plaintiffs and the California Class Members are entitled to injunctive relief to ensure

18  compliance with this section, pursuant to California Labor Code § 226(h).

19                          **NINTH CAUSE OF ACTION**
                  **FAILURE TO PROVIDE PERSONNEL RECORDS**
20                  **(In Violation of CAL. LAB. CODE § 1198.5, *et seq.*)**
21              **(ON BEHALF OF RECORDS REQUEST PLAINTIFFS ONLY)**

22         110.    Plaintiffs reallege and incorporate each and every allegation of the preceding

23  paragraphs with the same force and effect as though fully set forth herein.

24         111.    California Labor Code §1198.5(a) provides: "Every current and former employee,

25  or his or her representative, has the right to inspect and receive a copy of the personnel records that

26  the employer maintains relating to the employee's performance or to any grievance concerning the

27  employee."

28

112.    Pursuant to California Labor Code §1198.5(b), the employer must make the contents of employees' personnel records available no later than 30 calendar days from the date the employer receives a written request.

113.    Plaintiffs Ohlson and Alvarez requested their respective personnel files in a letter sent to Farmers Insurance Exchange on October 18, 2013 via certified mail.  Plaintiff Martin requested his personnel file in a letter sent to Farmers Insurance Exchange on November 27, 2013 via certified mail.  Plaintiffs Brian Leigh, Jeffrey Holloway, and Krysta Ramos requested their respective personnel files in a letter sent to Farmers on October 16, 2013 via certified mail.  Plaintiff Brandi Lopez requested her personnel file in a letter sent to Farmers on October 24, 2013 via certified mail.  Taken together, Ohlson, Alvarez, Martin, Leigh, Holloway, Ramos, and Lopez are defined as "Records Request Plaintiffs."

114.    Defendants failed to provide or allow inspection of the personnel files of the Records Request Plaintiffs.

115.    As a direct and proximate result of Defendant's unlawful conduct as set forth herein, the Records Request Plaintiffs may recover the penalties provided for under California Labor Code § 1198.5(k), plus interest thereon, reasonable attorneys' fees, and costs.  In addition, they are entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 1198.5(l).

**TENTH CAUSE OF ACTION**
**CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEY GENERAL ACT**
**(CAL. LAB. CODE §2698, *et seq.*)**
**(ON BEHALF OF PLAINTIFF EDWARDS AND ALL AGGRIEVED EMPLOYEES)**

116.    Plaintiffs reallege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

117.    Plaintiff Edwards, as an aggrieved employee, brings this claim under California Labor Code §§ 2698-2699 in a representative capacity on behalf of current and former employees of Defendants subjected to the unlawful wage and hour practices alleged herein.

118.    The California Labor Code Private Attorneys General Act of 2004 (PAGA), California Labor Code § 2698 *et seq.*, grants California employees the right to bring a civil action

- 22 -

for violation of any provision of the Labor Code on behalf of themselves and other current or former employees in order to recover civil penalties.  In passing PAGA, the California Legislature "declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations." *Arias v. Super. Ct*., 46 Cal. 4th 969, 980 (2009). Because PAGA deputizes employees to act as private attorneys general, class action requirements do not apply to representative actions brought under PAGA.  *Id.*

119.   PAGA permits an aggrieved employee to collect the civil penalty authorized by law and normally collectible by the California Labor and Workforce Development Agency.  To address violations for which no penalty had been established, section 2699(f) creates a private right of action for aggrieved employees and default penalty in the amount of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation.  *See* Cal. Lab. Code § 2699(f).

120.   Plaintiff Edwards hereby seeks to collect these civil penalties for the above-described Labor Code violations, including: (1) the penalties provided for unpaid overtime and failure to provide meal periods, authorized under California Labor Code § 558; (2) the penalties provided for failure to provide accurate itemized wage statements, authorized under California Labor Code § 226.3; and (3) the penalties provided for payment of a wage less than the minimum, authorized under California Labor Code § 1197.1.  In addition, Plaintiff Edwards seeks to collect civil penalties for violations of California Labor Code §§ 226.7, 450, and 2802, as authorized by Labor Code sections 2699(a) and 2699.3.

121.   California Labor Code §1198 makes it illegal to employee an employee under conditions of labor that are prohibited by the applicable Wage Order.  Accordingly, Plaintiff Edwards also seeks to collect penalties for Defendants' violation of Industrial Welfare Commission Wage Order 4-2001, § 7, which states that "[e]very employer shall keep accurate information with respect to each employee including ... [t]ime records showing when the employee begins and ends

SECOND AMENDED COMPLAINT                                    CASE NO.: 3:14-cv-00574-WHO

each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded." IWC Order No. 4-2001 § 7; Cal.Code Regs., tit. 8, § 11070.   Defendants failed to keep proper records, as required by the Wage Order.

122.   California Labor Code § 2699(g) further provides that any employee who prevails in an action for civil penalties is entitled to an award of reasonable attorney's fees and costs.  Plaintiff Edwards hereby seeks to recover attorneys' fees and costs under this one-way fee and cost shifting statute.

123.   On January 2, 2014, pursuant to California Labor Code § 2699.3, Plaintiffs sent notice by certified mail to the Labor and Workforce Development Agency (LWDA) and Defendants of the specific provisions of the Labor Code that have been violated, including the facts and theories to support the violations.  The thirty-three day time limit for the agency to respond expired on February 4, 2014, such that Plaintiffs have exhausted their administrative remedies.  On March 24, 2014, Plaintiffs sent notification via certified mail to the LWDA to notify it of the filing of the First Amended Complaint and the addition of Mr. Edwards as a Named and Representative Plaintiff in this action.

## PRAYER FOR RELIEF

124.   WHEREFORE, Plaintiffs, on behalf of themselves and all FLSA Collective Action Members, pray for relief as follows:

A.   Designation of this action as a collective action on behalf of the FLSA Collective Action Members as to the FLSA claims and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to potential FLSA Collective Action Members, apprising them of the pendency of this action, and providing them with notice of their right to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.   Designation of Plaintiffs as Representatives of the FLSA Collective Action Members;

C.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.   An award of damages, according to proof, including liquidated damages, to be paid

by Defendants;

    E.    Costs of action incurred herein, including expert fees;

    F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

    G.    Pre-judgment and post-judgment interest, as provided by law; and

    H.    Such other relief as this Court deems necessary, just, and proper.

    125.    WHEREFORE, Plaintiffs, on behalf of themselves and the above-described Rule 23 Class of similarly situated California Class Members, requests relief as follows:

    A.    Certification of the above-described Rule 23 Class as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    B.    Appointment of Plaintiffs as California Class Representatives;

    C.    Appointment of Plaintiffs' Counsel as California Class Counsel;

    D.    Provision of class notice to all California Class Members;

    E.    A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law, among others:

    1.    Cal. Labor Code §§ 510, 1194 *et seq.*, 1197, and IWC wage order No. 4, by failure to pay minimum wages and overtime compensation to California Class Members;

    2.    Cal. Labor Code §§ 203, by willful failure to pay all wages owed at the time of termination of employment;

    3.    Cal. Business and Professions Code §§ 17200 *et seq.*, by failure to pay unpaid minimum wages and overtime compensation due to California Class Members under California law, by willfully failing to pay all compensation owed to California Class Members upon termination of employment; by willfully failing to provide legally compliant wage statements; and by requiring California Class Members to work through their meal and rest periods without paying them proper compensation; and

    4.    Cal. Labor Code § 226(a), by failure to provide itemized written statements semimonthly or at the time of payment of wages accurately showing all the information required by California law, including but not limited to total hours worked;

    F.    A declaratory judgment that Defendants' violations as described above were willful

- 25 -

    

and/or knowing and intentional;

G.      An equitable accounting to identify, locate, and restore to all current and former California Class Members the overtime wages due;

H.      An award to Plaintiffs and the California Class Members of damages in the amount of unpaid minimum wages and overtime compensation, including interest thereon pursuant to Cal. Labor Code §§ 218.6 and 1194, Cal. Civ. Code §§ 3287, 3288, and 3289 and/or other applicable law, subject to proof at trial;

I.      An award of penalties owed, pursuant to Labor Code § 203, to all California Class Members who separated from Defendants' employ without receiving all overtime compensation owed at the time of separation;

J.      An award of liquidated damages to Plaintiffs and California Class Members, in an amount equal to minimum wages unlawfully unpaid, according to proof, pursuant to California Labor Code §1194.2;

K.      An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs and similarly situated California Class Members for Defendants' failure to pay legally required overtime pay (under state and federal law), and interest thereon, in an amount according to proof, pursuant to California Business & Professions Code § 17203 and other applicable law;

L.      An award to Plaintiffs and the California Class Members of damages and/or penalties as set forth in California Labor Code § 226(e);

M.      An award to the Records Request Plaintiffs of penalties and injunctive relief as set forth in California Labor Code § 1198.5;

N.      An award to Plaintiffs and the California Class Members of premium wages for meal and rest periods, according to proof;

O.      An award to Plaintiffs and the California Class Members of reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure § 1021.5, California Labor Code §§ 226(e) and 1194, and/or other applicable law.

P.      For civil penalties individually and on behalf of all aggrieved employees pursuant to California Labor Code § 558 in the amount of $50 per employee for Defendants' initial violation

1    and $100 per employee for each subsequent violation;

2         Q.      For civil penalties individually and on behalf of all aggrieved employees pursuant to

3    California Labor Code Section 2699 in the amount of $100 per employee for Defendants' initial

4    violation and $200 per employee for each subsequent violation, attorney fees, and costs of suit;

5         R.      For civil penalties individually and on behalf of all aggrieved employees pursuant to

6    California Labor Code Section 226.3 in the amount of $250 per employee for Defendants' initial

7    violation and $1,000 per employee for each subsequent violation;

8         S.      That Plaintiff and the California Class be awarded interest accrued on their

9    damages, including pre- and post-judgment interest, interest under California Labor Code §§ 404,

10   1194,1194.2 and Cal. Civ. Code § 3287;

11        T.      An award to Plaintiffs and the California Class Members of such other and further

12   relief as this Court deems just and proper.

13                              **DEMAND FOR JURY TRIAL**

14        126.     Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand

15   trial of their claims by jury to the extent authorized by law.

16

17   DATED:  May 8, 2014

                                    RUKIN HYLAND DORIA & TINDALL LLP
18

19                                  By:  /s/ Jessica Riggin
                                         JESSICA RIGGIN
20                                       Attorneys for Plaintiffs

21                                  Peter Rukin, SBN 178336
                                    Jessica Riggin, SBN 281712
22                                  RUKIN HYLAND DORIA & TINDALL LLP
                                    100 Pine Street, Suite 2150
23                                  San Francisco, CA 94111
                                    Telephone: (415) 421-1800
24                                  Facsimile:  (415) 421-1700
                                    E-mail: prukin@rhdtlaw.com
25                                  E-mail: jriggin@rhdtlaw.com

26

27

28

SECOND AMENDED COMPLAINT                                    CASE NO.: 3:14-cv-00574-WHO