UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES ALVAREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS INSURANCE EXCHANGE,<br><br>Defendant. | Case No. 14-cv-00574-WHO<br><br>**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION; APPROVING FORM OF PROPOSED NOTICE; DENYING REQUEST FOR EQUITABLE TOLLING**<br><br>Re: Dkt. No. 42 |

## INTRODUCTION

Plaintiffs seek conditional certification of a collective action alleging violations of the Fair Labor Standards Act ("FLSA") against defendant Farmers Insurance Exchange. The plaintiffs' motion for conditional certification is GRANTED because the proposed collective action covers employees which, for purposes of the lenient standard applied at this stage, are "similarly situated" to the named plaintiffs.

## BACKGROUND

Plaintiffs Mercedes Alvarez, Matt Ohlson, Cedric Martin, Alfonzo Edwards, Brandi Lopez, Brian Leigh, Jeffrey Holloway, and Krysta Ramos are former[1] Personal Lines Claims Adjusters[2] for Farmers. They allege that Farmers has a *de facto* policy of imposing work demands

---

[1] Plaintiff Brandi Lopez worked as a Personal Lines Claims Adjuster for Farmers since 2008. Lopez Supp. Decl. ¶ 3. She was the only plaintiff still employed by Farmers when the complaint was filed. She was fired from Farmers on August 14, 2014, during the pendency of this motion. *Id*. ¶ 14.

[2] Farmers refers to the employees at issue as claims representatives, rather than Personal Lines Claims Adjusters. I assume that, for purposes of this motion, the difference is purely semantic. I refer to them as claims adjusters in accordance with the moving papers.

that require more than forty hours of work per week while discouraging or preventing the requesting and reporting of overtime. Specifically, they assert that Farmers assigns the Personal Lines Claims Adjusters a level of work which would require significant overtime to complete, but Farmers discourages or prevents the Personal Lines Claims Adjusters from requesting or reporting overtime hours in excess of the forty hour week (eight hours per day) for which the Personal Lines Claims Adjusters are scheduled. *See* Second Amended Complaint ("SAC") ¶¶ 23-35 [Dkt. No. 32]. The plaintiffs allege that Personal Lines Claims Adjusters that do not complete their assigned work or request overtime risk losing their jobs. *Id.* As a consequence, in order to maintain their jobs, Personal Lines Claims Adjusters are forced to work overtime without being paid. *Id*.

Plaintiffs have filed suit against Farmers for violations of the FLSA.[3] Plaintiffs now seek conditional certification of a collective action of all current and former Personal Lines Claims Adjusters employed by Farmers in California since June 5, 2011.[4] Mot. at 1. Plaintiffs also seek equitable tolling of the statute of limitations for all potential plaintiffs.

**LEGAL STANDARD**

Under FLSA, an employee may bring a collective action on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Courts in this Circuit have adopted a two-stage approach for determining whether a class is "similarly situated." *See, e.g., Adedapoidle-Tyehimba v. Crunch, LLC*, 13-cv-00225-WHO, 2013 WL 4082137, *6 (N.D. Cal. Aug. 9, 2013); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010); *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009).

---

[3] Plaintiffs also allege causes of action for violations of the California Labor Code and the California Unfair Competition Law. *See* Compl. ¶¶ 55-123. The plaintiffs state that they intend to move to certify a Rule 23 class action as to those claims. Mot. at 1 n.1.

[4] Plaintiffs apparently pick June 5, 2011 because they first requested that Farmers provide the potential plaintiffs' contact information to the plaintiffs 30 days before June 5, 2014 and FLSA has a three-year statute of limitations for willful violations. *See* 29 U.S.C. § 255(a) ("a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"). As stated below, Farmers had no obligation to provide the contact information for the collective action was conditionally certified. As a consequence, the notice will be provided to Personal Lines Claims Adjusters employed by Farmers in California since three years from the date of this order.

1    At the first stage, the court must determine whether the proposed class should be notified of the action. *Harris*, 716 F. Supp. 2d at 837. This determination is made under a "fairly lenient standard" which typically results in conditional class certification. *See, e.g., Daniels v. Aeropostale W., Inc.*, 12-cv-05755 WHA, 2013 WL 1758891, at *2 (N.D. Cal. Apr. 24, 2013) ("Due to the limited amount of evidence, courts make this determination under a fairly lenient standard which typically results in conditional class certification."). The plaintiff must make substantial allegations that the putative class members were subject to an illegal policy, plan, or decision, by showing that there is some factual basis beyond the "mere averments" in the complaint for the class allegations. *Id*. "The question is essentially whether there are potentially similarly-situated class members who would benefit from receiving notice at this stage of the pendency of this action as to all defendants." *Wellens v. Daiichi Sankyo, Inc.*, 13-cv-00581-WHO, 2014 WL 2126877, at *2 (N.D. Cal. May 22, 2014) (internal citation omitted). Given the lenient standard at the notice stage, courts have held that the plaintiff bears a "very light burden" in substantiating the allegations. *Prentice v. Fund for Pub. Interest Research, Inc.*, 06-cv-7776 SC, 2007 WL 2729187, at *2 (N.D. Cal. Sept. 18, 2007) ("Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage."); *see also Harris*, 716 F. Supp. 2d at 838 ("A plaintiff need not submit a large number of declarations or affidavits to make the requisite factual showing. A handful of declarations may suffice . . . . The fact that a defendant submits competing declarations will not as a general rule preclude conditional certification.").

At the second stage, after the conclusion of discovery and usually in response to a motion for decertification by the defendant, the court applies a stricter standard for "similarly situated." During this stage, the court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs; the various defenses available to the defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether the plaintiffs made any required filings before instituting suit. *See Lewis*, 669 F. Supp. 2d at 1127.

# DISCUSSION

## I. CONDITIONAL CERTIFICATION

Farmers argues that conditional certification should be denied because (i) plaintiffs have not met their burden of identifying a common policy or plan in violation of the FLSA and (ii) the plaintiffs cannot show that they and the putative plaintiffs are similarly situated.

### A. The plaintiffs have adequately identified a common policy in violation of FLSA

Farmers argues that establishing work standards and requiring preapproval for overtime is not unlawful. That may be true, but the plaintiffs allege that Farmers has a *de facto* policy of not paying Personal Lines Claims Adjusters for all overtime worked. The plaintiffs bear a "very light burden" in substantiating this allegation at this conditional certification stage. *See, e.g., Prentice*, 2007 WL 2729187, at *2.

The plaintiffs have met this burden. They submitted declarations from nine Personal Lines Claims Adjusters in California who state that they could not meet their work requirements during their 40 hour work week (eight hours a day); that they thought they would be fired if they did not complete their work requirements; that they were discouraged from reporting or requesting overtime; and that, as a result, they frequently worked overtime without compensation. *See* Bryght Decl. ¶¶ 9-16; Edwards Decl. ¶¶ 4-17; Holloway Decl. ¶¶ 4-16; Leigh Decl. ¶¶ 4-17; Martin Decl. ¶¶ 4-18; Ohlson Decl. ¶¶ 4-18; Ramos Decl. ¶¶ 4-17; Lopez Decl. ¶¶ 4-18; Alvarez Decl. ¶¶ 4-18. Whether the plaintiffs can *prove* that Farmers in fact had a policy that violates FLSA remains to be seen, but that is not a question at this stage. *See, e.g., Wellens*, 2014 WL 2126877, at *4 ("The question here is not whether plaintiffs have proven their case that there is a widespread and discriminatory pay differential between men and women, but whether there is a reasonable basis to conclude that there are "potentially" similarly-situated class members who would "benefit" from notice.").

### B. The plaintiffs have adequately shown that they and the potential collective action plaintiffs are similarly situated

Farmers argues that the plaintiffs cannot show that they and other Personal Lines Claims Adjusters are similarly situated because the plaintiffs' experiences are "highly individualized" and

4

there is no evidence that other Personal Lines Claims Adjusters in other offices, other positions, reporting to other supervisors, faced the same conditions. *See* Opp. at 21-22. Farmers contends that "performance expectations" differ between Farmers offices and individual Personal Lines Claims Adjusters based on several factors, including the type of claims assigned to the adjusters, the complexity of such claims, the volume of such claims, the adjuster's individual experience and past performance, and individual management preferences. Farmers also argues that the plaintiffs' proposed action is too broad because Farmers employs three kinds of Personal Lines Claims Adjusters in California—Auto Physical Damage claims adjusters, Property claims adjusters, and Liability claims adjusters—and none of the named plaintiffs was a Property claims adjuster.[5]

Given the "fairly lenient standard" that applies in this Circuit to determine whether the potential plaintiffs should be notified of the action, I am not convinced.[6] *Harris*, 716 F. Supp. 2d at 837. Different performance expectations for Personal Lines Claims Adjusters in different positions, different offices, or with different supervisors do not necessarily mean that Personal Lines Claims Adjusters are not similarly situated for purposes of conditional certification. At this stage, it is sufficient that plaintiffs "make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." *Id*. They have done so.

As noted above, the plaintiffs have submitted declarations of nine current and former Personal Lines Claims Adjusters in California stating that they could not meet their work requirements during their 40 hour work week; that they thought they would be fired if they did not complete their work requirements; that they were discouraged from reporting or requesting overtime; and that, as a result, they frequently worked overtime without compensation, which their

---

[5] Farmers contends that Property claims adjusters "adjust a much broader variety of claims in the field, ranging from fire damage, storm damage, flood or water damage, and theft." Opp. at 6. Farmers also contends that property damage assignments are typically made farther in advance than Auto Physical Damage assignments, and therefore Property claims adjusters "can often see their assignments further into the future and have flexibility to plan and adjust their schedules." *Id*.

[6] In contrast, the cases cited by Farmers are largely from outside of this Circuit and apply a more stringent test. *See* Opp. at 14-15.

5

supervisors knew or should have been aware of.  *See* Bryght Decl. ¶¶ 9-16; Edwards Decl. ¶¶ 4-17; Holloway Decl. ¶¶ 4-16; Leigh Decl. ¶¶ 4-17; Martin Decl. ¶¶ 4-18; Ohlson Decl. ¶¶ 4-18; Ramos Decl. ¶¶ 4-17; Lopez Decl. ¶¶ 4-18; Alvarez Decl. ¶¶ 4-18.  The nine named plaintiffs worked in five offices: Martinez/Concord, Daly City, Manteca, Union City, and Orange County.  *See* Bryght Decl. ¶ 3; Edwards Decl. ¶ 3; Holloway Decl. ¶ 3; Leigh Decl. ¶ 3; Martin Decl. ¶ 3; Ohlson Decl. ¶ 3; Ramos Decl. ¶ 3; Lopez Decl. ¶ 3; Alvarez Decl. ¶ 3.  The declarations adequately demonstrate "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice."  *Harris*, 716 F. Supp. 2d at 837 (internal brackets and citation omitted).  The purported differences in Personal Lines Claims Adjusters' work environments are not sufficient to defeat conditional certification at this first stage.  "Whether the 'disparate factual and employment settings of the individual plaintiffs' means that this case cannot proceed collectively, or would need to be prosecuted with subclasses for each of the job titles or geographic locations, is a matter to be determined at the *second* stage of the certification process."  *Wellens*, 2014 WL 2126877, at *5 (emphasis in original) (citing *Harris*, 716 F. Supp. 2d at 837.

Farmers may be right that the potential plaintiffs' "highly individualized" circumstances mean that this case should not proceed as a collective action, or should proceed as a narrower collective action.  But that issue will be addressed at the second stage of the certification process, when Farmers will have the chance to establish the disparate factual and employment settings of the individual plaintiffs; the various defenses available to Farmers which are individual to each plaintiff; and fairness and procedural considerations.  *See, e.g., Lewis*, 669 F. Supp. 2d at 1127.

**C. Proposed notice**

At the oral argument on September 3, 2014, I ordered the parties to meet and confer regarding the form and content of the proposed notice.[7]  The parties have done so and have

---

[7] As I stated at the hearing, whether Farmers acted willfully, in which case the statute of limitations is three years instead of two, will be determined at a later stage.  At this point, plaintiffs' allegation of willfulness is sufficient to warrant notice to persons employed as Personal Lines Claims Adjusters over the last three years.

1  submitted an agreed form of notice. *See* Dkt. No. 54. The notice proposed by the parties is
2  acceptable and is APPROVED, subject to the modifications contemplated by the parties, including
3  providing the relevant job codes and the notice administrator's contact information.

4  Plaintiffs request that the notice be mailed to the potential plaintiffs as well as included in
5  their pay envelopes and posted in a prominent location in all California offices in which potential
6  plaintiffs work. At oral argument, counsel for Farmers represented that a third party automates the
7  processing and mailing of Farmers's employees' pay envelopes. Inserting FLSA notices into the
8  potential plaintiffs' pay envelopes is therefore not a straightforward proposition. In addition, a
9  significant number of potential plaintiffs likely no longer work for Farmers and would therefore
10 not receive the notice in pay envelopes or see the notice posted in a Farmers office.[8] Providing the
11 notice in potential plaintiffs' pay envelopes or posting the notice in Farmers's offices is not
12 warranted. Mailed notice is sufficient. Farmers shall provide the plaintiffs contact information,
13 including the names, last known addresses, telephone numbers, job titles, and last known email
14 addresses, for all Personal Lines Claims Adjusters employed by Farmers in California from
15 September 19, 2011 through the present.

## II. EQUITABLE TOLLING

The statute of limitations for filing a claim under the FLSA is two years; three years if the violation is "willful." 29 U.S.C. § 255(a). For purposes of calculating the timeliness of a claim, claims for individual claimants who are not named plaintiffs are considered commenced when the claimant files a written consent to become a party plaintiff. 29 U.S.C. § 256(b).

Plaintiffs seek equitable tolling of the FLSA claims from June 5, 2014, which is 30 days after the plaintiffs requested contact information for all potential action members from Farmers, and Farmers has not produced the contact information. Mot. at 20; Rukin Decl. ¶ 8. The plaintiffs contend that they are entitled to equitable tolling because they "have diligently pursued their entitlement to this information and are without fault for the delay." Mot. at 20. But Farmers's refusal to provide the contact information does not warrant equitable tolling, as a defendant in a

---

[8] None of the named plaintiffs presently works for Farmers.

7

1  FLSA suit is not required to provide contact information for potential plaintiffs until after the court
2  certifies a collective action. *See, e.g., Gilbert v. Citigroup, Inc.*, 08-cv-0385 SC, 2009 WL 424320
3  (N.D. Cal. Feb. 18, 2009) ("Defendants' refusal to provide contact information prior to
4  certification does not count as wrongful conduct"); *Prentice*, 2007 WL 2729187, at *3 ("If refusal
5  to disclose contact information is sufficient basis to grant equitable tolling, either the FLSA statute
6  of limitations is meaningless or the Courts are reading a disclosure requirement into the FLSA
7  where the statute does not contain such a requirement.  Neither outcome is appropriate.").
8  Plaintiffs request for equitable tolling is DENIED.

## CONCLUSION

Plaintiffs' motion for conditional certification is GRANTED.  Dkt. No. 42.  Farmers shall provide the plaintiffs contact information, including the names, last known addresses, telephone numbers, job titles, and last known email addresses, for all Personal Lines Claims Adjusters employed by Farmers in California from September 19, 2011 through the present.  The proposed notice, filed as Exhibit A to Docket Number 54, is APPROVED.

Plaintiffs' request for equitable tolling is DENIED.

**IT IS SO ORDERED**.

Dated: September 19, 2014

WILLIAM H. ORRICK
United States District Judge