UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MERCEDES ALVAREZ, et al.,

    Plaintiffs,

    v.

FARMERS INSURANCE EXCHANGE,

    Defendant.

Case No. 14-cv-00574-WHO

**ORDER DENYING WITHOUT PREJUDICE THE JONES' PLAINTIFFS MOTION TO INTERVENE**

Re: Dkt. No. 120

Plaintiffs in the recently certified state class action in *Jones v. Famers Insurance Exchange*, pending in the Superior Court of California for the County of Los Angeles, seek to intervene in this case under Federal Rule of Civil Procedure 24. The *Jones* case concerns claims under the California Labor Code on behalf of a class of Farmers Insurance employees, as does this case, and it is not yet obvious whether or how the claims in the two cases overlap.

Because of that uncertainty, the motion to intervene is not ripe, and it is neither useful nor necessary to rule on it at this time.[1] I DENY it without prejudice.[2]

---

[1] On this record, I would be inclined to find that the *Jones* plaintiffs cannot intervene as a matter of right because the representation by plaintiffs' counsel here is adequate, and there appears to be no substantive difference between the positions being advocated by plaintiffs' counsel in each case. The record is not sufficiently developed yet to know if it is appropriate to exercise my discretion to allow permissive intervention. Rather than adjudicate the motion based on the current record, I prefer to wait for determination of the class certification motion in this case.

[2] To make clear that I have considered the evidence filed with respect to this motion to intervene, I will rule on certain ancillary motions before me. The *Jones* plaintiffs request that I take judicial notice of: 1.Complaint in *Jones v. Farmers*, filed in the Los Angeles Superior Court of the State of California on or about April 23, 2009 2. Decision of the Division Three of the Second District Court of Appeals for the State of California reversing the denial of and order [sic] the Superior Court to grant Certification and class certification in the *Jones v. Farmers* Case 3. Second Amended Complaint in *Jones v. Farmers* filed in the Los Angeles Superior Court 4. Docket entry after the hearing on Plaintiffs [sic] motion for class certification after remand to the Superior Court, certifying the class. Dkt. No. 120. No party opposed the request and it is GRANTED. *Jones* plaintiff's additional, unopposed request that I take judicial notice of the *Jones v. Farmers Insurance* class certification order is GRANTED. Dkt. No. 125-2. Farmers Insurance unopposed request for judicial notice is also granted. Dkt. No. 123. Defendant's motion for leave to file their

The critical facts will be known after I decide the motion for class certification in this case. The hearing is set on December 2, 2015. After ruling on that motion, I will set a Case Management Conference and invite counsel for the *Jones* plaintiffs to participate, and will consider at that time what other orders would promote the speedy, just, and inexpensive handling of the claims at issue. In the meantime, to protect the interests of the *Jones* plaintiffs, I ORDER that their counsel be notified of and have the right to participate in discovery directed at the *Jones* plaintiffs in this case. This includes the right to make objections at depositions of any *Jones* plaintiffs.

**IT IS SO ORDERED**.

Dated: October 2, 2015



WILLIAM H. ORRICK
United States District Judge

---

sur-reply, Dkt. No. 131, is also GRANTED.