UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES ALVAREZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FARMERS INSURANCE EXCHANGE,<br><br>　　　　　Defendant. | Case No. 14-cv-00574-WHO<br><br>**ORDER DISMISSING NON-RESPONSIVE OPT- IN PLAINTIFFS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 110, 129, 132 |

　　　　On July 17, 2015, I issued an Order To Show Cause Why Non-Responsive Opt-In Plaintiffs Should Not Be Dismissed Per FRCP 37, Dkt. No. 110, because five plaintiffs who opted in to the Fair Labor Standards Act collective action had failed to respond to discovery more than three months after it had been propounded pursuant to an earlier Order, Dkt. No. 87. Cynthia Parris, Kent Huber and Rosario Cervantes have still not responded, and plaintiffs' counsel offers no explanation for their non-responsiveness. Accordingly, they are DISMISSED without prejudice from this lawsuit.

　　　　Plaintiffs argue that it is necessary to show willfulness, bad faith, or fault in order to dismiss the non-responsive plaintiffs, and that there is no evidence explaining their lack of responsiveness. Indeed, the non-responsive plaintiffs have not responded to discovery for almost six months nor explained why they have ignored the Order to Show Cause. As the Ninth Circuit held in *Henry v. Gill Industries, Inc*. 983 F.2d 943, 948 (9th Cir. 1993), disobedient conduct not shown to be outside the control of the litigant demonstrates sufficient willfulness, bad faith or fault to affirm the trial court's dismissal under Federal Rule of Civil Procedure 37 for failure to comply with discovery obligations. Individuals do not have a choice of whether to comply with discovery obligations ordered by the Court.

　　　　In deciding to dismiss the non-responsive plaintiffs I have considered the five factors listed

in *Malone v United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).  The non-responsive plaintiffs have interfered with the public's interest in the expeditious resolution of litigation (their failure to respond has required two Orders from the Court and unnecessary briefing) and the ability of the court to manage its docket (they were part of a sample of opt-ins I ordered to reduce the discovery burden on the plaintiff class but insure adequate discovery of the opt-ins before class certification).  Contrary to the suggestion in *Computer Task Group Inc. v. Brotby*, 364 F. 3d 1112, 1115 (9th Cir. 2004), I think the public policy favoring disposition of cases on their merits also favors dismissal because, in this class action, discovery helps the parties evaluate the merits of the certification motion as well as the opt in plaintiffs' claims.  Allowing the non-responsive plaintiffs to be free-riders who fail to provide court-ordered discovery is unfair to defendants.  That I could overlook their non-compliance until a decision on the merits in this case is a poor argument in light of their wholesale non-compliance with the Court's Orders and their discovery obligations.

I cannot think of an appropriate lesser sanction when the non-responsive plaintiffs fail to provide any excuse whatsoever for their non-compliance.  My Order to Show Cause gave an explicit warning that they would be dismissed if they failed to comply, and they have had almost six months to do what they are required by law to do.

That said, I do not know why the three opt-ins have been nonresponsive.  Their dismissal is without prejudice.  Perhaps if plaintiffs' counsel is able to reestablish contact with them and they show good cause for their failure to respond to the discovery and comply with their discovery obligations, I may consider reinstating them as plaintiffs in this case.

My Order to Show Cause allowed defendant to propound discovery to an equal number (three, in this case) of opt-in plaintiffs if any failed to comply.  Defendant did not mention that relief in its Response, and further discovery may be unnecessary in light of the discovery it has received from the other opt-in plaintiffs.  However, if defendant wishes to obtain the previously allowed discovery, the parties shall meet and confer to determine how that can be accommodated

1  in light of the hearing on the motion for class certification on December 2, 2015.

2  **IT IS SO ORDERED**.

3  Dated: October 2, 2015



WILLIAM H. ORRICK
United States District Judge