UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES ALVAREZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FARMERS INSURANCE EXCHANGE,<br><br>    Defendant. | Case No. 14-cv-00574-WHO<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL AND CERTIFYING CLASS AND COLLECTIVE ACTION FOR SETTLEMENT PURPOSES** |

Plaintiffs filed their Motion for Preliminary Approval of Class and Collective Action Settlement on September 2, 2016, and the Court heard the matter on September 14, 2016. The Court, having considered the papers and arguments in support of the motion, ORDERS THE FOLLOWING:

**Conditional Certification of the Settlement Class**

1. The Court preliminarily certifies the following Settlement Class for settlement purposes only: Liability Claims Representatives who performed work for Farmers Insurance Exchange in California at any time from February 6, 2010 through August 30, 2016; Auto Physical Damage Claims Representatives who performed work for Farmers Insurance Exchange in California at any time from February 6, 2010 through August 30, 2016 and who were hired on or before October 15, 2014; and Auto Physical Damage Claims Representatives who performed work for Farmers Insurance Exchange in California at any time from February 6, 2010 through August 30, 2016 and who were hired after October 15, 2014 (except with respect to unpaid wages and overtime claims); and all current and former Liability Claims Representatives, Auto Physical Damage Claims Representatives, and Residential Property Claims Representatives who performed work in California at any

time from September 19, 2011, through August 30, 2016, who timely consented to join the conditionally certified collective action, and who have not withdrawn their consent to join the conditionally certified collective action or had their consent struck by the Court.

2. In preliminarily certifying the Settlement Class defined above, the Court finds and concludes that under the relevant standard for certifying a class for settlement purposes:

   a. The Settlement Class is sufficiently numerous that joinder would be impractical.
   b. The members of the Settlement Class share common questions of law and fact.
   c. Because certification of the Settlement Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.
   d. The Court appoints Mercedes Alvarez, Alfonzo Edwards, Todd Gonsalves, Jeffrey Holloway, Brian Leigh, Brandi Lopez, Cedric Martin, Matt Ohlson, and Krysta Ramos as Settlement Class representatives. The Court finds and concludes that for the purposes of certifying a settlement class, there is a commonality of interest between the Named Plaintiffs and the members of the Settlement Class; and that the Named Plaintiffs' claims are typical of the claims of absent members of the Settlement Class.
   e. Pursuant to Fed. R. Civ. P. 23(g), the Court finds and concludes that Plaintiffs' law firms of Rukin Hyland Doria & Tindall LLP and the Markham Law Firm have extensive experience in litigating complex employment class and collective actions. Because these law firms meet all of the standards set forth in Rule 23(g)(1)(A), these law firms are hereby appointed settlement Class Counsel.
   f. The Court hereby preliminarily certifies, for purposes of settlement only, the proposed Settlement Class, as defined herein, pursuant to Fed. R. Civ. P. 23(b)(3). If final approval of the settlement is not granted for any reason, the Parties retain all rights and arguments as to whether the claims in this case are appropriate for class certification. Nothing in this Order indicates whether the Court believes that class certification is appropriate if this case continued to be litigated.

**Preliminary Approval of the Class and Collective Action Settlement**

3. The Court grants preliminary approval of the Settlement, as set forth in the Settlement Agreement filed by the Parties. The Settlement appears to have been the product of serious, informed, and extensive arm's-length negotiations between the Parties and is within the range of possible final approval – that is, it appears at this stage to be fair, adequate, and reasonable to the Settlement Class.

4. The Court specifically finds that the parties had a bona fide dispute regarding the payment of overtime wages and that the Settlement is fair, adequate, and reasonable with respect to the settlement of the Opt-in Plaintiffs' Fair Labor Standards Act (FLSA) claims, as the settlement of the FLSA claims also appears to have been the product of serious, informed, and extensive arm's-length negotiations between the Parties and is within the range of possible final approval.  The Court accordingly approves the FLSA release for all members of FLSA Settlement Subclass who do not withdraw their consent to join form, as the release is set forth in the Settlement Agreement.

**Approval of Notice and Notice Plan**

5. The Court approves, as to form and content, the Notice of Class Action Settlement in substantially the form attached as Exhibit A to the Parties' Stipulation re: Revised Notice of Class and Collective Action Settlement (Dkt. No. 175-1).

6. The Court approves the procedures for Class Members to participate in, to opt out of, and to object to the Settlement as set forth in the Settlement Agreement and Notice, with the agreed modification that Class Members shall have 45 days from the mailing of notice to file any objections, exclusion requests, or requests to withdraw previously filed consent to join forms.

7. The Court directs the distribution of the Notice by first-class mail to the Class Members in accordance with the implementation schedule set forth in the Settlement Agreement and described below.  The Court finds the content and process for providing notice to the Classes as set forth in the Settlement Agreement fulfills the

requirements of Federal Rule of Civil Procedure 23(c)(2)(A) and due process, provides the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

8. The Court appoints Dahl Administration as the Claims Administrator subject to the terms and conditions of the Parties' Settlement Agreement, and it shall perform all duties and responsibilities of the Claims Administrator as set forth in that Agreement.

**Final Approval Hearing**

9. The Court hereby sets a hearing ("Final Approval Hearing") to take place on January 11, 2017, at 2:00 pm, in Courtroom 2, 17th Floor, 450 Golden Gate Ave, San Francisco, California. At the Final Approval Hearing, the Court will consider: whether to give final approval to the settlement as fair, reasonable, and adequate to the Settlement Class; whether to enter final judgment in this case; whether to approve the service awards as set forth in the Settlement Agreement; whether to award attorneys' fees and costs to Class Counsel, and if so, in what amount; and any other matters as the Court should deem necessary.

**Implementation Schedule**

| | |
|---|---|
| Deadline for Defendant to provide Claims Administrator with Class Member Data | 15 calendar days after Order Granting Preliminary Approval |
| Deadline for Claims Administrator to Mail the Notice to Class Members and establish Settlement Website | 30 calendar days after Order Granting Preliminary Approval |
| Deadline for Class Members to Postmark Requests for Exclusion | 45 calendar days after mailing of the Notice |
| Deadline to Postmark Any Objections to Settlement | 45 calendar days after mailing of the Notice |
| Deadline for FLSA Settlement Subclass Members to Withdraw Consent to Join Forms | 45 calendar days after mailing of the Notice |
| Deadline for Class Counsel to file Motion for Final Approval of Settlement | 30 calendar days before Final Approval Hearing |
| Deadline for Class Counsel to File Motion For Attorneys' Fees, Costs, and Service Awards | 25 calendar days after mailing of the Notice |

| Deadline to Postmark Any Objections to Motion for Attorneys' Fees and Costs | 45 calendar days after mailing of the Notice |
| --- | --- |
| Final Approval Hearing | The soonest available date that is more than 110 calendar days after Order Granting Preliminary Approval |

**IT IS SO ORDERED**.

Dated: September 21, 2016

WILLIAM H. ORRICK
United States District Judge